**04-40073**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> MYRTLE BLENKHORN and MICHAEL GLEASON, <br><br> Defendants | Civil Action No. <br><br> **04-40073-NMG** |

## PLAINTIFF UNUM LIFE INSURANCE COMPANY OF AMERICA'S INTERPLEADER WITH INCORPORATED MOTION FOR INTERPLEADER FEE

Plaintiff Unum Life Insurance Company of America ("Unum"), by and through undersigned counsel, files this interpleader pursuant to Fed. R. Civ. P. 22, and requests that the Court authorize an interpleader fee.

### JURISDICTION

1. This Court has jurisdiction pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

### FACTUAL STATEMENT

#### The Parties

2. Walter F. Rogers ("Mr. Rogers"), now deceased, was insured pursuant to life insurance policy number 556945 001 (the "Policy"), issued by Unum to the Massachusetts State Board of Retirement (the "Retirement Board"). A true and accurate copy of the Policy is attached hereto as Exhibit 1.

3. Plaintiff Unum is a corporation organized and existing under the laws of the State of Maine.

RECEIPT # 704320
AMOUNT $ 150
SUMMONS ISSUED 2
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK. KH
DATE 5-10-04

{W0190116.1}

1

4. Upon information and belief, Defendant Myrtle Blenkhorn is a Massachusetts resident, and was the sister of Mr. Rogers.

5. Upon information and belief, Defendant Michael Gleason is a Massachusetts resident, and was the neighbor and/or caretaker of Mr. Rogers.

### The Plan

6. The Retirement Board maintained a benefit plan (the "Plan") to provide benefits in the case of the death of former state workers. As a result of his employment with the Commonwealth of Massachusetts, Mr. Rogers was a participant in the Plan. The Plan is an employee welfare benefit plan as defined by ERISA, 29 U.S.C. § 1002(1) and, as such, is governed by ERISA, 29 U.S.C. § 1001 *et. seq.* The Plan is funded by Unum, which administers claims under the Plan.

### The Claims

7. Mr. Rogers first became covered by the Plan in 1956. An insurer other than Unum funded the Plan and administered claims at this time.

8. On or before April 9, 1963, Mr. Rogers completed a beneficiary designation form, naming his father, Walter Rogers, Sr., as the beneficiary. A true and accurate copy of the designation form is attached as Exhibit 2.

9. On July 20, 1977, Mr. Rogers, on information and belief following the death of his father, designated Myrtle Blenkhorn as the beneficiary. See Exhibit 2.

10. On March 7, 1980, Mr. Rogers submitted a new beneficiary form, again naming Myrtle Blenkhorn as beneficiary. See Exhibit 2.

11. On February 1, 1986, the amount of the insurance benefit increased from $2,000 to $5,000.

{W0190116.1}

2

12. On January 27, 2000, the beneficiary designation form was amended to name Frank Gleason, then a neighbor and/or caretaker of Mr. Rogers, as the beneficiary. A true and accurate copy of the designation form is attached as Exhibit 3.

13. Upon information and belief, Frank Gleason, the father of Michael Gleason, died sometime between January 27, 2000, and June 23, 2001.

14. On June 23, 2001, the beneficiary designation form again was amended, this time to name Michael Gleason as the beneficiary. A true and accurate copy of the designation form is attached as Exhibit 4.

15. No other beneficiary designation forms exist.

16. On July 1, 2001, Unum's coverage took effect.

17. On or about November 13, 2001, Mr. Rogers died in Marlborough, Massachusetts. A true and accurate copy of the death certificate is attached as Exhibit 5.

18. Each Defendant claims entitlement to benefits under the Plan. Payment of the benefits to either of the two will expose Plaintiff to the threat of multiple and vexatious litigation in the future as well as double or multiple liability for the same claim.

19. Plaintiff does not in any respect collude with either Defendant in this matter. Plaintiff claims no beneficial interest in the aforesaid benefits and is a mere stakeholder. Plaintiff is now, and at all times since the death of the deceased insured, Mr. Rogers, has been, ready, willing and able to pay the person legally entitled to the aforesaid benefits and will abide by the order of the Court with respect to the aforesaid benefits under the Plan.

WHEREFORE, Plaintiff prays as follow:

A. That the Court adjudicate that the total extent of Plaintiff's liability to anyone under the Plans as a result of the death of Mr. Rogers is $5,000 plus interest calculated, pursuant to the Policy, at 6% from the date of loss, November 13, 2001.

B. That Michael Gleason, as the beneficiary designated under the Plan, be required to assert his claim to the benefits paid under the Plan and to settle with Ms. Blenkhorn his rights or claims to the aforesaid benefits;

C. That this Court issue an injunction enjoining and restraining both Michael Gleason and Myrtle Blenkhorn from instituting or prosecuting any suit or proceeding against Plaintiff in any other court with respect to the aforesaid benefits, and that in due course said order of injunction be made permanent;

D. That Plaintiff be discharged from all further liability under the aforesaid Plan as a result of the death of Mr. Rogers, that Plaintiff be dismissed with prejudice from this action, and that this Court adjudicate to whom Plaintiff should pay the benefits under the aforesaid Plan;

E. Since Plaintiff is a totally disinterested stakeholder who has been, by reason of its possession of the proceeds, subjected to conflicting claims through no fault of its own, Unum requests that the Court declare that the reasonable fees and costs incurred in preparing for and filing this action be reimbursed from the proceeds. *See, e.g., Foxborough Savings Bank v. Petrosian*, 84 F.Supp.2d 172, 174 (D. Mass. 1999) (citing *Ferber Co. v. Ondrick*, 310 F.2d 462, 466 (1st Cir. 1962)).

F. That Plaintiff be granted such other and further relief as the Court determines to be proper.

DATED: May 7, 2004

*[signature]*
Gavin G. McCarthy

Pierce Atwood
One Monument Square
Portland, ME 04101
(207) 791-1100

Attorneys for Plaintiff Unum Life Insurance Company of America